UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MALLON ROBERTS, | : | |
| | : | |
| Petitioner, | : | NO. 1:08-CV-00113 |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| WARDEN, TOLEDO | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's April 20, 2010 Report and Recommendation (doc. 17), Petitioner's Objections (doc. 24), Respondent's Reply to Petitioner's Objections (doc. 26), and Petitioners Reply to Respondent's Reply to Petitioner's Objections (doc. 27). Also before the Court is Petitioner's Motion to Stay (doc. 28), Respondent's opposition (doc. 29), and Petitioner's Reply (doc. 31).

**I. Background**

In June 2004, the Hamilton County, Ohio, grand jury indicted Petitioner on one count of murder with a Repeat Violent Offender ("RVO") specification (doc. 17). Prior to trial, Petitioner's counsel filed a motion in limine to prohibit the prosecution from introducing evidence of Petitioner's prior convictions during trial (Id.). The court denied Petitioner's motion in limine (Id.). The matter proceeded to a jury trial before a different common pleas court judge (Id.). Petitioner's

counsel again moved to exclude evidence of petitioner's "other acts," which was again denied (Id.).  On March 3, 2005, the jury found Petitioner guilty of murder (Id.).  Prior to sentencing, Petitioner's counsel moved to dismiss the RVO specification (Id.). The trial court overruled the motion and sentenced Petitioner to twenty-five years to life in prison, ten years for the RVO specification and fifteen years to life for the murder conviction (Id.).

With the assistance of new counsel, Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, alleging "the trial court abused its discretion when it allowed tes[ti]mony of a prior act purportedly demonstrating identity and method" (Id.).  On March 2, 2007 the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment (Id.).

Petitioner did not timely appeal to the Ohio Supreme Court, but filed a pro se motion for delayed appeal with the Ohio Supreme Court, claiming that his "original notice of appeal would have been timely" but was delayed due to the need for "prior approval from the Cashier Office at Toledo Correctional Institution for either legal postage or getting legal copies made" (Id.).  On October 3, 2007, the Ohio Supreme Court denied Petitioner's motion for delayed appeal and dismissed the case without opinion (Id.).

In the meantime, on May 21, 2007, Petitioner filed a

timely <u>pro</u> <u>se</u> application under Ohio R. Appeal P.26(b) for reopening of the appeal with the Ohio Court of Appeals, First Appellate District, claiming his appellate counsel was ineffective for failing to raise claims on direct appeal challenging the sufficiency of evidence, trial counsel's performance, and the prosecutor's conduct during closing arguments (<u>Id</u>.).

On July 13, 2007, the Court of Appeals overruled Petitioner's reopening application holding that "res judicata precludes reopening the appeal on the proposed bases" because the Petitioner could have raised the claims in an appeal to the Ohio Supreme Court (<u>Id</u>.). Petitioner again timely appealed to the Ohio Supreme Court asserting the same claims from his application for reopening submitted to the Ohio Court of Appeals (<u>Id</u>.). On October 3, 2007, the Ohio Supreme Court summarily dismissed the appeal as not involving a substantial issue arising under the Ohio State Constitution (<u>Id</u>.).

In February 2008, Petitioner commenced this habeas corpus action, alleging six grounds for relief: (1) that the trial court abused its discretion by allowing the testimony of the other acts purportedly demonstrating identity and method; (2) prosecutor's misconduct; (3) insufficiency of evidence; (4) ineffective assistance of appellate counsel; (5) ineffective assistance of trial counsel; and (6) the state court's abuse of discretion in denying Petitioner's appellate 26(B) motion on res judicata

grounds. (<u>Id</u>.). Respondent argues that Petitioner has waived the claims alleged in Ground One, Two, Three and Five, and that claim Six does not constitute a cognizable ground for federal habeas relief, and that all of the Petitioner's claims for relief lack merit (<u>Id</u>.). Before examining the Magistrate Judge's Report and Recommendation, the Court will first consider the issue of Petitioner's Motion to Stay this Court's decision.

## II. Petitioner's Motion to Stay Pending Decision (doc.28)

Petitioner has filed a motion to stay this Court's decision on Petitioner's Writ of Habeas Corpus because Petitioner believes that this Court does not have jurisdiction over the case since his trial never issued a final appealable order (doc. 28). Petitioner contends that because a visiting judge with retired status signed his Judgment Entry, such judge lacked the legal authority to issue the Judgment Entry. (<u>Id</u>. <u>citing</u> <u>U.S. v. Scott</u>, 260 F.3d 512 (6th Cir. 2001)). According to Petitioner, his Judgment Entry is therefore void, there was never a final appealable order issued in his trial to which he can appeal, and consequently his petition for writ of habeas corpus is "void ab initio" since as Petitioner reasons, "if Petitioner wasn't able to appeal his conviction in state Appeals Court then how is Petitioner allowed to appeal his conviction in this Honorable Court" (<u>Id</u>.).

Respondent opposes Petitioner's motion to stay for several reasons (doc. 29). First, the question of the validity of

the Judgment Entry is not part of the pending habeas petition, thus there is no unexhausted habeas claim before the Court that might require dismissal of the entire petition (Id. citing Rose v. Lundy, 455 U.S. 509 (1982)). Second, Respondent argues if Petitioner should amend his habeas petition to add the new claim, the claim would not be cognizable because it is purely a matter of state law, and has not been articulated as a United States constitutional issue in either this Court or state court. (Id. citing 28 U.S.C. §2254(a)). Moreover, contends respondent, the habeas petition would then contain an unexhausted claim, and the court would only be able to stay and abate the pending habeas petition when (1) Petitioner had "demonstrated a 'good cause' for his failure to exhaust a claim in state court, (2) the unexhausted claim or claims are potentially meritorious, and (3) the petitioner has not engaged in 'abusive litigation tactics or intentional delay'" (Id. citing Rhines v. Weber, 544 U.S. 269, 277-278 (2005)). Respondent contends that Petitioner has not satisfied any of these requirements which would allow the court to stay even an amended habeas petition that would include Petitioner's new claim.

In Petitioner's objection to Respondent's opposition, Petitioner essentially restates his original Motion to stay this Court's decision on his petition for Writ of Habeas Corpus (doc. 31). Petitioner again argues that his trial judge lacked the legal authority to issue the judgment entry at Petitioner's original

trial (Id.).

Having reviewed this matter, the Court concludes it must deny Petitioner's motion to stay his pending Habeas Corpus petition for the reasons asserted by Respondent. First, Motions to stay in abeyance are for the purpose of allowing a habeas petitioner to exhaust in state court an unexhausted claim in his original petition, because all of the claims in a habeas petition must first be exhausted in state courts. 28 U.S.C. §2254(b)(1)(A),(B); Rhines, 544 U.S. 269, 276; Lundy, 455 U.S. at 510. Petitioner's claim regarding the validity of the Judgment Entry is not part of his original petition, and therefore there is no basis for a stay. Rhines, 544 U.S. 269,276. Second, Petitioner's challenge to the authority of the Judge who signed his Judgment Entry is clearly a matter of state law that is not cognizable in habeas corpus. 28 U.S.C. § 2254(a). Finally, Petitioner's challenge is not 'potentially meritorious' since a challenge to a judge's authority must be brought during the original trial proceedings or else they are waived (Ohio Rev. Code. Ann. § 2701.031(B) (2010))and because U.S. v. Scott does not support Petitioner's argument.

**III. Petitioner's Writ of Habeas Corpus**

**A. The Magistrate Judge's Report and Recommendation (doc. 17)**

In his Report and Recommendation, the Magistrate Judge thoroughly reviewed the relevant factual background and applicable

law, and concluded all Grounds asserted in Petitioner's writ of habeas corpus petition should be denied with prejudice (doc. 17).

### i. Ground One

The Magistrate Judge began his analysis of Ground One, the claim that the trial court abused its discretion, with the assumption that review is not barred because Petitioner failed to file a timely appeal to the Ohio Supreme Court and was denied a delayed appeal (<u>Id</u>.). However, the Magistrate Judge determined the Court is barred from considering Ground One because Petitioner failed to present a federal issue to the Ohio courts and has therefore waived any federal issue claim (<u>Id</u>.). Under 28 U.S.C. § 2254(a), federal courts may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws, or treaties of the United States, and not "on the basis of a perceived error of state law" (<u>Id. quoting Pulley v. Harris</u>, 465 U.S. 37, 41(1984)). Moreover, the federal issue claim must be fairly presented to the state courts before they can be raised in a federal habeas corpus action, otherwise, petitioner may have waived his claims for purposes of federal habeas corpus review (<u>Id</u>. citing <u>Anderson v. Harless</u>, 459 U.S. 4,6 (1982) (per curiam); <u>Pickard v. Conner</u>, 404 U.S. 270, 275-76 (1971); <u>see Weaver v. Foltz</u>, 888 F.2d 1097, 1099 (6th Cir. 1989)).  In order to have fairly presented his case to the state courts, Petitioner must have presented the factual and legal

underpinnings of his claims (<u>Id</u>. <u>citing</u> <u>McMeans v. Brigano</u>, 228 F.3d 674, 681 (6th Cir. 2000)), meaning the claim was "likely to alert the court to the claim's federal nature" (<u>Id</u>. <u>quoting</u> <u>Nadworny v. Fair</u>, 872 F.2d 1093, 1097 (1st Cir. 1989)). A petitioner may fairly present to the state court the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law (<u>Id</u>. <u>citing</u> <u>McMeans</u>, 228 F.3d at 681). "Generalized catch-all phrase[s]" alleging that Petitioner was denied a fair trial under the United States Constitution do not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law" (<u>Id</u>. <u>quoting</u> <u>Franklin v. Rose</u> 811 F.2d 322, 326 (6th Cir. 1987)). General statements that the petitioner was denied a "fair trial" and "due process" are not sufficient to put state courts on notice of a specific federal constitutional claim in the absence of citation to case law employing federal constitutional analysis (<u>Id</u>. <u>citing</u> <u>Petrucelli v. Coombe</u>, 735 F.2d 684, 688-89 (2nd Cir. 1984)). If Petitioner has not fairly presented his federal claims to the state courts, then Petitioner

has waived his these claims because of a procedural default unless he can demonstrate either "cause" for the procedural default and "actual prejudice" resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice" (Id. citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

The Magistrate Judge opined that Petitioner had failed to fairly present to the state appellate court any federal due process claim stemming from the error alleged in Ground One of the petition (Id.). The Magistrate Judge determined that Petitioner only presented claims based entirely on state law to the Ohio Court of Appeals because Petitioner relied solely on state court decisions interpreting state laws and did not mention, even in general terms, due process or fair trial concerns (Id.). Therefore the Magistrate Judge found Petitioner had waived his federal claims that may have arisen from the trial court's failure to suppress the "other acts" testimony for purposes of federal habeas corpus review, (Id. citing Coleman, 501 U.S. at 750) and determined Petitioner had not provided "cause" for his default (Id.). The Magistrate Judge further opined that Petitioner did not satisfy the "fundamental miscarriage of justice" exception, which requires that Petitioner show the alleged constitutional violation "probably resulted in the conviction of one who is actually innocent" (Id. quoting Murray v. Carrier,477 U.S. 478, 495-496 (1986)), since Petitioner only

contends that the evidence produced at trial was insufficient to establish his guilt and the law requires a showing of factual innocence, not mere legal insufficiency (Id. citing Bousley v. United States, 523 U.S. 614, 623, (1988); Hampton v. United States, 191, F.3d 695, 703 (6th Cir. 1999)).  In sum, the Magistrate Judge found that the Petitioner is not entitled to habeas corpus relief based on his claim in Ground One because the claim is not cognizable in a federal habeas proceeding and because Petitioner has waived any of his claims of federal constitutional error through procedural default.

### ii.  Grounds Two, Three, Four, and Five

The Magistrate Judge began by noting that in Grounds Two, Three and Five of the petition, Petitioner claims that the evidence was insufficient to support his conviction, that the prosecutor engaged in misconduct, that his trial counsel was ineffective, and that his appellate counsel was ineffective in failing to assert these claims as assignments of error on direct appeal (Id.).  The Magistrate Judge also noted that Petitioner raised all of these claims for the first time in his application for reopening of the appeal, which was denied by the Ohio Court of Appeals on procedural res judicata grounds (Id.).  Petitioner then exhausted these claims by reasserting them on further appeal to the Ohio Supreme Court, which summarily dismissed the appeal as not involving a substantial Ohio Constitutional question (Id.).

-10-

On federal habeas corpus review, a court may be barred from considering an issue of federal law, from a judgment of a state court, if that judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision (Id. citing Harris v. Reed, 489 U.S. 255, 260-262 (1989)). This "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violation of state procedural rules (Id. citing Harris, 489 U.S. at 261; Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). Such a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar (Id. citing Harris, 489 U.S. at 263). Where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim (Id. citing Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991)). In addition, the state rule relied upon in precluding federal habeas corpus review must be "adequate" meaning it involves a "firmly established and regularly followed state practice" at the time that it was applied (Id. quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

The Magistrate Judge found that in this case, the Ohio Court of Appeals was the last and only state court to issue a reasoned decision rendering judgment on the Petitioner's application for the reopening of the appeal (<u>Id</u>.).  The Ohio Court of Appeals clearly and expressly relied on the state procedural res judicata doctrine in denying the application because Petitioner could have raised the claims on direct review in an appeal to the Ohio Supreme Court (<u>Id</u>.).  The Ohio Supreme Court's later unexplained decision summarily dismissing petitioner's appeal of the reopening decision "as not involving any substantial constitutional question" must be presumed to rely on the same procedural default (<u>Id</u>.).

The Magistrate Judge determined that the res judicata rule, relied on by the Ohio Court of Appeals, was an "adequate and independent" ground for denying the reopening application with respect to claims Two, Three, and Five, because they could have been asserted as assignments of error on direct appeal (<u>Id</u>.).  However, the Magistrate Judge also found that the Ohio Court of Appeals' reliance on the state res judicata doctrine in rejecting the ineffective assistance of appellate counsel claim, alleged in Ground Four and as "cause" for the procedural default in Grounds Two, Three, and Five, is not an "adequate" state bar to federal habeas review (<u>Id</u>.).  The Magistrate Judge concluded as much because the Ohio Supreme Court has expressly ruled that the state

-12-

res judicata doctrine may not be applied to preclude review of an ineffective assistance of appellate counsel claim which was properly presented in a timely reopening application under Ohio R. App. P. 26(b) and was not considered on the merits by the state supreme court in the direct review proceedings. (Id. citing State v. Davis, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, at ¶ 26-27). Therefore, the Magistrate Judge determined that the Petitioner's claim of ineffective assistance of appellate counsel should be entitled to review on the merits.

To prevail on an ineffective assistance of counsel claim, Petitioner must demonstrate both (1) his attorney on direct appeal made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment of the United States Constitution; and (2) counsel's deficient performance prejudiced the defense (Id. citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Under the first prong of the Strickland test, Petitioner must show that appellate counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case (Id. citing Strickland 466 U.S. at 688). In determining if there was ineffective assistance of counsel, there is a strong presumption that the challenged conduct was within the range of reasonable professional assistance (Id. citing Strickland 466 U.S. at 689). Judicial scrutiny must be highly deferential, and avoid "the distorting effects of hindsight," viewing the

challenged conduct from counsel's perspective at the time the conduct occurred (Id. citing Strickland 466 U.S. at 689). Appellate counsel is not constitutionally ineffective under this prong merely because he declines to raise a non-frivolous issue on appeal that was requested by the defendant (Id. citing Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991)(citing Jones v. Barnes, 463 U.S. 745, 751 (1983))).   To satisfy the second, "prejudice" prong of the Strickland test. Petitioner must demonstrate that a reasonable probability exists that, but for his counsel's errors, it is reasonably likely that the result of the direct appeal proceeding would have been different (Id. citing Strickland 466 U.S. at 694-95).  The court may dispose of an insufficient showing on either the first or second ground of the Strickland test. (Id. citing Strickland 466 U.S. at 695).

        After a thorough review of the facts in the record, the Magistrate Judge determined that Petitioner had not demonstrated that his appellate counsel's representation was constitutionally ineffective under either prong of the Strickland test, finding that Petitioner's appellate counsel was acting reasonably when he declined to raise Grounds Two, Three and Five on appeal since they were far weaker than those claims he did assert, and because the Petitioner has not met the burden of showing that the result of the appeal would likely have been different if counsel had asserted any of the defaulted claims as assignments of error on direct appeal.

(<u>Id</u>.).

### iii. Ground Six

The Magistrate Judge noted that in Ground Six, Petitioner alleges that he is entitled to habeas relief because the Ohio Court of Appeals abused its discretion in denying his application for reopening of the appeal on res judicata grounds. (<u>Id</u>.).  Like the claim alleged in Ground One, the Magistrate Judge found that the Petitioner's allegation in Ground Six did not give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding.  (<u>Id</u>.).

### B. Petitioner's Objections (doc. 24)

Petitioner objects to the Magistrate Judge's determination that Petitioner's Appellate counsel was not ineffective, which led to the Magistrate Judge's denial of relief to Petitioner on Ground Four, and the denial of his claim of ineffective assistance of counsel as "cause" for his procedural defaults leading to the denial of Grounds Two, Three, and Five (doc. 24).  Petitioner notes that according to <u>Strickland v. Washington</u>, to prove an ineffective assistance of counsel claim, he must show his counsel was deficient, meaning his "counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment" and show that this deficiency was prejudicial to the defense, meaning "they deprived petitioner of a fair trial or appeal." (<u>Id</u>. <u>citing</u> <u>Strickland v. Washington</u>,

466 U.S. 668, 687(1984)).

Petitioner asserts that his appellate counsel was deficient and that counsel's deficiency was prejudicial to his defense because counsel failed to preserve his constitutional claims on direct appeal to the Ohio Court of Appeals resulting in the court's refusal to consider Grounds Two, Three, and Five on res judicata grounds (Id.). Petitioner asserts that his appellate counsel should have raised many issues on appeal, and primarily that Petitioner's right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments, was violated (Id.). Petitioner cites multiple instances of alleged violations of his right to a fair trial in his objection including but not limited to the use of false evidence at trial, insufficient evidence to support his conviction, ineffective trial counsel, and prosecutorial misconduct (Id.). Petitioner believes these claims are valid and persuasive, should have been raised on appeal to the Ohio Court of Appeals, and counsel's failure to do so proves that his appellate counsel was ineffective (Id.). Therefore, Petitioner objects to the Magistrate Judge's denial of relief on Ground Four, and refusal to consider ineffective assistance of appellate counsel as "cause" for his procedural default barring review of Grounds Two, Three and Five (Id.). Petitioner concludes by reasserting each of his original six Grounds, and requests an evidentiary hearing from this court (Id.). **C. Respondent's Reply to Petitioner's Objections**

**(doc.26)**

Respondent's Reply has two parts, the first comments on the procedural aspects of the case in light of the Magistrate's Report and Recommendation, and the second addresses the factual issues that Roberts raised in his objection to the Report and Recommendation in support of his claim that his constitutional rights were violated (doc. 26).  In part one, the Respondent discusses the procedural aspects of the case as they apply to Grounds One, Two, Three, Four, Five, and Six, restating the Magistrate Judge's reasoning for denying relief or barring review of each Ground (<u>Id</u>.).

In part two, Respondent replies to Petitioner's characterization of the factual background of his case (<u>Id</u>.). Respondent asserts that "from the perspective of a review of the sufficiency of the evidence in a habeas proceeding, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (<u>Id</u>.).  Respondent then presents a review of the facts that led to Petitioner's conviction (<u>Id</u>.).  Respondent discusses, in much detail, facts about the victim's time of death, the crime scene, Petitioner's alibi, Petitioner's statements to the police, photo arrays and identification of Petitioner, witness testimony, and Petitioner's modus operandi (<u>Id</u>.).  Respondent then directly

-17-

replies to each of Petitioner's factual allegations that support Petitioner's claim of an unfair trial (Id.).  Respondent also notes that the factual issues Petitioner raises in his objection were raised at trial by Petitioner's defense attorney.  As such, Respondent contends that the jury heard Petitioner's objections and either did not believe the facts as Petitioner's defense asserted them, or did not believe that "such objections as to detail mattered given the overall state of the evidence" (Id.).

### D. Petitioner's Reply to Respondent's Reply (doc. 27)

In Petitioner's reply to Respondent's reply, Petitioner reasserts his ineffective appellate counsel claim from Ground Four (doc. 27). Petitioner also reasserts many of the factual allegations that he had previously raised in Grounds Two, Three, and Five, focusing on his claim that he was convicted through the presentation of false evidence to the jury at trial (Id.).

### E. Analysis

The Court is under no obligation to review de novo objections that are merely perfunctory or an attempt to have the Court reexamine the same arguments set forth in the original petition. See, e.g., Edwards v. Fisher, 414 F.Supp.2d 342, 346-47 (S.D. Ny. 2006).  Petitioner objects to the denial of his ineffective assistance of appellate counsel claim in Ground Four, and the denial of ineffective assistance of counsel as "cause" for his procedural default on Grounds Two, Three, and Five (docs. 24 –

27).  Petitioner's objections are essentially a restatement of claims already asserted in his original habeas corpus petition, but out of an abundance of caution, this Court will review the ineffective assistance of counsel issue de novo.

To prove ineffective assistance of counsel, the Petitioner must show that counsel's performance was deficient and prejudicial to the defense.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Deficiency of counsel requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Id. Prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694. In determining if Petitioner's counsel was reasonable, the court "must be highly deferential . . . [make] every effort to eliminate the distorting effects of hindsight, . . . and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  Moreover, counsel is not required to raise every non-frivolous issue on appeal, and the presumption of effective assistance is only overcome when it is shown that issues not argued on appeal are clearly stronger than those that were presented.  Smith v. Robbins, 528 U.S. 259, 288(2000)(quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

-19-

In this case, Petitioner's appellate counsel raised only one issue on appeal, challenging the trial court's decision to allow the testimony of Petitioner's prior rape victim (doc. 17). Petitioner alleges that his appellate counsel's failure to raise any other constitutional claims on appeal, especially Grounds Two, Three, and Five, proves that his appellate counsel was ineffective because such failure prevented these claims from being preserved for future review by other courts on appeal (doc. 24).

This Court agrees with the Magistrate Judge's determination that Petitioner's appellate counsel was not ineffective for failing to raise additional claims to the Ohio Court of Appeals because the claims in Grounds Two, Three, and Five were in substance much weaker than that which Petitioner's appellate counsel did raise. However, Petitioner asserts that his appellate counsel was ineffective not only for failing to raise his other claims so they could be substantively reviewed by the Ohio Court of Appeals, but also because his counsel failed to preserve these claims for future appeals. Petitioner argues that the procedural failure is ineffective assistance of appellate counsel as well. However, in regards to this claim of ineffective assistance of counsel, the Petitioner has not met his burden of proof required by the Strickland test. Petitioner has failed to show that the procedural failure of Petitioner's appellate counsel prejudiced the outcome of his appellate proceedings because his

-20-

counsel raised the strongest issue while abandoning the weaker ones. Additionally, Petitioner's appellate counsel is not constitutionally ineffective merely because counsel declined to raise a non-frivolous issue on appeal. <u>Sharp v. Puckett</u>, 930 F.2d 450, 452 (5th Cir. 1991)(<u>citing</u> <u>Jones v. Barnes</u>, 463 U.S. 745, 751(1983)).

Having reviewed this matter <u>de novo</u>, the Court concludes that the Magistrate Judge's Report and Recommendation is well-reasoned and correct. The Court therefore ADOPTS and AFFIRMS in all respects the opinions expressed in the Report and Recommendation (doc. 17), and denies Petitioner's Objections and request for an evidentiary hearing (doc. 24).

## III. Conclusion

Accordingly, for the reasons indicated herein, the Court DENIES Petitioner's Motion to Stay this Court's decision on his petition for Writ of Habeas Corpus, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 17), and DENIES WITH PREJUDICE Petitioner's Petition for a Writ of Habeas Corpus (doc. 1). The Court further FINDS that a certificate of appealability should not issue with respect to the claims alleged in Ground One, Two, Three, and Five of the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473,

484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling. A certificate of appealability also should not issue with respect to the claims alleged in Ground Four and Six of the petition which are not procedurally barred from review, in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." (See Id. at 475 (citing Barefoot v. Estelle, 463, U.S. 880, 893 & n.4(1983))). Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and, therefore, the Court DENIES Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.


Dated: July 13, 2010        /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge